UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHARMEL C. ALLEN, | Case No. 11-10942 |
| Plaintiff, | Thomas L. Ludington |
| v. | United States District Judge |
| DR. SHAWNEY, *et al.*, | Michael Hluchaniuk |
| Defendants. | United States Magistrate Judge |
| _____/ | |

**REPORT AND RECOMMENDATION**
**MOTION FOR PRELIMINARY INJUNCTION (Dkt. 3)**

**I.   PROCEDURAL HISTORY**

Plaintiff filed this 28 U.S.C. § 1983 action on March 10, 2011.  (Dkt. 1).

She filed a motion for preliminary injunction on that same date.  (Dkt. 3).

Defendants Stieve, Bryant and Getty filed a response on June 10, 2011.  (Dkt. 17).

Plaintiff filed a motion for immediate consideration on June 17, 2011.  (Dkt. 30).

Plaintiff's motion for immediate consideration is more in the nature of a motion to

amend or supplement her motion for preliminary injunction.[1]  Defendants

Hutchinson, Jinal, Lacy, Mamidiapaka, Pei, Prison Health Services (PHS) filed a

response on July 18, 2011.  (Dkt. 49).  Defendants Correctional Medical Service,

n/k/a Corizon, Inc., Hutchinson, Mamidiapaka, Mass, and Jindal filed a response

---

[1] The undersigned has granted plaintiff's motion to supplement her motion for preliminary injunction via separate order.  (Dkt. 76).

on July 26, 2011. (Dkt. 50).

This matter is now ready for report and recommendation. For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for preliminary injunction be **DENIED**.

## II. FACTUAL BACKGROUND

### A. Plaintiff's Motion and Amended Motion

Plaintiff's initial motion for preliminary injunction appears to be directed at the medical personnel at the facility where she is housed. She indicates that she seeks an injunction so that she can receive "aggressive medical attention and accurate medical evaluation." Plaintiff says she has "super virus Hep. B, C, and D" and that defendant (unnamed) intentionally hid the virus from plaintiff. Plaintiff seeks an evaluation from an outside physician and an evaluation for a liver or kidney transplant. Plaintiff says that she was sent to Dr. Cojeevaram at the University of Michigan but that defendant is not following Dr. Cojeevaram's treatment advice. Plaintiff also complains that she is not receiving adequate treatment for her severe pain.

Plaintiff further alleges that defendant has known she was infected since 2003 and she began to complain of "death lingering pain" in 2007 or 2008. At that time, blood was drawn and plaintiff was informed that she had hepatitis. Plaintiff says her treatment has been inadequate and they are not monitoring the

medications to see if she has toxicity in her kidneys.

In her motion to supplement her motion for preliminary injunction, plaintiff seeks to submit "newly discovered evidence," which shows, according to plaintiff, that she is not receiving any treatment at all for her Hepatitis C. (Dkt. 30). Plaintiff says that the evidence shows that she was subjected to medical experimentation by Dr. Hutchinson and that her treatment was delayed two years. She also complained that Dr. Hutchinson ignored her pain complaints and did not believe that her pain was a side effect of the medication she was taking for her hepatitis.

B.  Defendants' Responses

Defendants Stieve, Bryant, and Getty first argue that plaintiff's motion for preliminary injunction is improper because she does not seek to preserve the *status quo*, but rather, seeks affirmative relief. (Dkt. 17). They contend that plaintiff's motion can be denied for this reason alone. Defendants also argue that plaintiff is not likely to succeed on the merits because her claim is essentially a dispute of the course of her treatment, which is insufficient to establish deliberate indifference. Further, they argue that plaintiff cannot show irreparable injury because she has not shown that the medical treatment she wants the Court to order is more likely to prevent irreparable harm than the treatment she is already receiving. Defendants also argue that the public interest would not be served by having the courts

interfere with the medical judgment of the MDOC and contracted medical professionals. According to defendants, the public has an interest in having medical professionals, not the courts, make such judgments.

Defendants Hutchinson, Jinal, Lacy, Mamidiapaka, Pei, and PHS filed a response on July 18, 2011. (Dkt. 49). Defendants proffer the affidavit of Dr. Hutchinson, a physician licensed to practice in Michigan, who is certified in internal medicine and infectious disease by the American Board of Internal Medicine and has been treating plaintiff since 2008. (Dkt. 49-2, Pg ID 361). Dr. Hutchinson is employed by Corizon (formerly PHS) as an infectious disease consultant and has 12 years of experience in this area of practice. *Id.* Dr. Hutchinson attests that he is very familiar with plaintiff and her infectious diseases. He most recently saw her on July 11, 2011. In his opinion, on this date, she had no urgent, unmet infectious disease needs. (Dkt. 49-2, Pg ID 362). According to Dr. Hutchinson, plaintiff has been receiving medication to suppress hepatitis B since October 2010. She stopped the medication in late 2010 because she believed it caused a flare in her chronic pain. She resumed the medications in January 2011. Dr. Hutchinson further explains that he chose to treat plaintiff's hepatitis B infection first, because the once-per-day pill is simple, effective and has few side effects.

He also explains that treatment of Hepatitis C is far more complex, far less

likely to be effective in African American patients with a virus genotype 1 and sickle cell trait, and has many side effects. In April 2011, plaintiff's genotype was tested to predict the chance of successful treatment of hepatitis C with standard interferon and ribaviron and the result indicated that she had a less than 20% percent chance of successful treatment even if she could tolerate a full dose. This caused Dr. Hutchinson to decide to wait until improved treatment options for hepatitis C were available, which was anticipated in late May 2011. (Dkt. 49-2, Pg ID 362-363).

    While Dr. Hutchinson acknowledges that plaintiff has serious infections and medication conditions, in his view, she is not in any immediate danger. He last saw her in July and is scheduled to see her in October 2011. To his knowledge, plaintiff is not part of any experimental program or treatment. No clinical trials of the drugs awaiting FDA approval involved prisoners of the MDOC. Dr. Hutchinson concludes that, based on his consulting on plaintiff's case and his review of her entire medical record, plaintiff has received regular and appropriate care for her infectious diseases within the applicable standard of care. (Dkt. 49-2, Pg ID 363).

    Based on the foregoing, defendants argue that plaintiff is unlikely to succeed on the merits of her claim that defendants were deliberately indifferent to her serious medical needs and that plaintiff cannot show irreparable harm because she

is being treated for her conditions and is not part of any experimental program. At best, plaintiff disagrees with her course of treatment, which is not sufficient to sustain a deliberate indifference claim. Defendants also argue that court intervention into prison medical care is prejudicial and not in the public interest.

Defendants Correctional Medical Service, n/k/a Corizon, Inc., Hutchinson, Mamidiapaka, Mass, and Jindal also filed a response on July 26, 2011. (Dkt. 50). Defendants Corizon, Mass, and Jindal argue that her request for an injunction is moot because they no longer provide her with care and they, therefore, lack any capacity to execute the relief sought by plaintiff. (Dkt. 50). Notably, defendants Mass and Mamidiapaka no longer work within the MDOC prison health system. Defendants also argue that they plaintiff cannot show a likelihood of success on the merits for the same reasons identified in the other defendants' responses. *Id.*

### III. DISCUSSION

#### A. Legal Standards

This thorough recitation of the standards applicable to a preliminary injunction in the present circumstances is taken from *Rhinehart v. Scutt*, 2010 WL 3701788, *3-5 (E.D. Mich. 2010). "In the exercise of its discretion with respect to a motion for preliminary injunction, a district court must give consideration to four factors: '(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3)

whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.'" *American Civil Liberties Union of Ky. v. McCreary County, Ky.*, 354 F.3d 438, 445 (6th Cir. 2003), quoting *Rock and Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998)); see also *Taubman Co. v. Webfeats*, 319 F.3d 770, 774 (6th Cir. 2003). "'The four considerations applicable to preliminary injunction decisions are factors to be balanced, not prerequisites that must be met.'" *Hamad v. Woodcrest Condominium Ass'n*, 328 F.3d 224, 230 (6th Cir. 2003), quoting *Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001); see also *Taubman Co.*, 319 F.3d at 774. Notwithstanding this balancing approach, however, the likelihood of success and irreparable harm factors predominate the preliminary injunction inquiry. *Rhinehart*, at *3. Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); see also *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

Further, plaintiff bears the burden of demonstrating her entitlement to a preliminary injunction, and her burden is a heavy one. "A preliminary injunction

is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Thus, plaintiff may not merely point to genuine issues of material fact which exist, but must affirmatively demonstrate her entitlement to injunctive relief.

This already stringent burden is even more difficult to meet where, as here, a plaintiff seeks an injunction not merely to maintain the *status quo* pending resolution of the case, but to obtain affirmative relief. *Rhinehart*, at *4. As the Supreme Court has explained, the purpose of a preliminary injunction "is merely to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Because of this, courts have identified three types of particularly disfavored preliminary injunctions: "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." *Schrier v. University of Colorado*, 427 F.3d 1253, 1259 (10th Cir. 2005). Motions seeking such preliminary injunctive relief must be more closely scrutinized than

the already-disfavored motion for preliminary junction which seeks to maintain the status quo. *See id.*; *Johnson v. Kay*, 860 F.2d 529, 540 (2d Cir.1988). With respect to the likelihood of success factor, plaintiff need not show that she is sure to prevail on any of his claims. *Rhinehart*, at *4. However, she must, "at a minimum, show[ ] serious questions going to the merits and irreparable harm which decidedly outweighs any potential harm to the defendant if the injunction is issued." *Six Clinics Holding Corp. v. Cafcomp Sys., Inc.*, 119 F.3d 393, 400 (6th Cir.1997) (internal quotation omitted); *see also Gaston Drugs*, *Inc. v. Metropolitan Life Ins. Co.*, 823 F.2d 984, 988 & n. 2 (6th Cir. 1987).

With respect to the harm factor, the harm that would result in the absence of the injunction must be irreparable, not merely substantial. As the Supreme Court has noted, "[t]he key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974), quoting *Virginia Petroleum Jobbers Ass'n v. FPC*, 259 F.2d 921, 924 (D.C. 1958). In short, "[a] plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages." *Overstreet*, 305 F.3d at 578. In evaluating the harm facing the

plaintiffs, the Court must evaluate three factors: "(1) the substantiality of the injury alleged, (2) the likelihood of its occurrence, and (3) the adequacy of the proof provided." *Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987).

Finally, in addition to these four factors, which govern all preliminary injunctions, plaintiff's suit challenging the conditions of confinement is subject to § 802 of the Prison Litigation Reform Act, which in relevant part provides:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

*Rhinehart*, at *5, quoting 18 U.S.C. § 3626(a)(2).

B.     Analysis and Conclusion

To succeed on an Eighth Amendment claim, plaintiffs must show that defendants were deliberately indifferent to the health or safety of the inmate. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "For injunctive relief, the plaintiff [ ] must show that the defendants were, at the time of the suit, 'knowingly and unreasonably disregarding an objectively intolerable risk of harm and that they will continue to do so.'" *Laube v. Haley*, 234 F.Supp.2d 1227, 1242 (M.D. Ala. 2002),

quoting *Farmer*, 511 U.S. at 846. Thus, it is not enough for plaintiff to merely show that defendants were, during the course of her treatment, deliberately indifferent to his medical needs. Rather, to be entitled to injunctive relief, plaintiff must also show that they continue to be deliberately indifferent, such that defendants' acts or omissions are likely to cause him future harm. *Rhinehart*, at *5. It is well-established that "[a] preliminary injunction cannot be issued based on past harm. The purpose of a preliminary injunction is to prevent future irreparable harm." *Fisher v. Goord*, 981 F.Supp. 140, 168 (W.D. N.Y. 1997).

With respect to plaintiff's general request for an injunction requiring defendants to provide her with appropriate treatment, plaintiff has failed to establish a likelihood of success on a claim that her current treatment is deliberately indifferent. The record currently before the Court shows that plaintiff has received, and continues to receive, medical care, treatment, and medications from defendants. She appears to simply disagree with the course of her treatment. This disagreement does not state an Eighth Amendment claim. *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) ("[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation."). Therefore, plaintiff has not shown a substantial likelihood of success on the merits.

As another court explained: "[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable.

*Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000).  In short, "[a]lthough [plaintiff] has raised some very serious allegations about his medical care, [he] is currently ... receiving medical treatment.  [Sh]e has not sufficiently demonstrated that he is currently receiving a level of care that would violate constitutional standards such that he is entitled to preliminary injunctive relief." *McSorley v. Northern Nev. Correctional Ctr.*, 225 Fed.Appx. 448, 449 (9th Cir. 2007).

With respect to plaintiff's request for injunctive relief to require treatment with a certain physician at the University of Michigan, plaintiff likewise cannot show that she is entitled to an injunction. The Eighth Amendment guarantees a prisoner constitutionally adequate medical treatment; it does not provide her with a right to treatment by a doctor of her choosing.  *Mason v. Ciccone*, 531 F.2d 867, 872 (8th Cir. 1976); *Williams v. Keane*, 940 F.Supp. 566, 571 (S.D.N.Y.1996); *Brownlow v. Chavez*, 871 F.Supp.2d 1061, 1064 (S.D. Ind. 1994).

Based on the current record, plaintiff has failed to meet her extraordinary burden of showing entitlement to a preliminary injunction to obtain immediate relief on the merits of her claims.  In the view of the undersigned, because plaintiff has failed to show a likelihood of success on any claim that defendants are currently being deliberately indifferent to her serious medical needs (let alone established that she is certain to succeed), the Court should deny plaintiff's motion for preliminary injunction.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that plaintiff's motion for preliminary injunction be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 5, 2011                              s/Michael Hluchaniuk
                                                   Michael Hluchaniuk
                                                   United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on October 5, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Brian J. Richtarcik, Randall A. Juip, Kimberley A. Koester, Matt H. Wesorick, Ronald W. Chapman, and Kevin R. Himebaugh, and I certify that I have mailed by United States Postal Service the foregoing pleading to the plaintiff, a non-ECF participant, at the following address: Charmel C. Allen, ID# 167734, HURON VALLEY COMPLEX-WOMENS, 3201 Bemis Road, Ypsilanti, MI 48197.

                                                   s/Tammy Hallwood
                                                   Case Manager
                                                   (810) 341-7887
                                                   tammy_hallwood@mied.uscourts.gov