UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHARMEL C. ALLEN, | Case No. 11-10942 |
| Plaintiff, | Thomas L. Ludington |
| v. | United States District Judge |
| JEFFREY C. STIEVE, M.D., *et al.*, | Michael Hluchaniuk |
| Defendants. | United States Magistrate Judge |
| _____/ | |

**REPORT AND RECOMMENDATION**
**PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF (Dkt. 134)**

This matter is before the Court on plaintiff's emergency motion for injunctive relief. (Dkt. 134). Plaintiff seeks injunctive relief regarding her treatment for pain related, apparently, to Hepatitis C which she is receiving treatment for. For the reasons more fully stated on the record during the hearing on the motion held on June 22, 2012, it is **RECOMMENDED** that the motion be **DENIED**.

The record in this matter indicates plaintiff is not satisfied with the treatment she has been receiving from defendants relating to the pain she claims to be experiencing. Neither plaintiff nor defendants seem to fully understand where the pain is coming from but it seems to be related to plaintiff's Hepatitis C for which defendants are currently treating her. Plaintiff has not offered evidence of

what treatment she should be given, but merely contends that defendant is not doing enough to address her problems.  It is clear from the pleadings that defendant is attempting to address plaintiff's problems in a professional manner even if that treatment does not afford plaintiff all the relief she hopes for.

In order to obtain injunctive relief a party must demonstrate that the balancing of four factors warrants the relief requested.  Those factors are: (1) strong likelihood of success on the merits, (2) irreparable injury, (3) whether substantial harm would be caused to others, and (4) whether the public interest would be served.  *Phillips v. Michigan Dept. of Corrections*, 732 F.Supp. 792, 798 (W.D. Mich. 1990).  While these factors must all be balanced, if a moving party does not show a likelihood of success on the merits the motion is almost always denied.  *Gonzales v. National Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

Where "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort claims." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).  Differences in judgment between a prisoner and prison medical personnel regarding appropriate medical treatment are insufficient to state a constitutional violation.  *Sanderfer v. Nichols*, 62 F.3d 151, 145-55 (6th Cir. 1995).  Plaintiff here has so far

demonstrated nothing other than a dispute between herself and prison officials relating to the type of treatment she should receive. This showing does not establish the likelihood of success on the merits of her Eighth Amendment claim and therefore it is **RECOMMENDED** that her request for injunctive relief be denied.

Defendants Corizon, Inc. f/k/a Correctional Medical Services and its employees and agents no longer provide medical services for prisoners in the custody of the Michigan Department of Corrections and therefore any attempt to obtain injunctive relief against them would be moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 26, 2012                     s/Michael Hluchaniuk
                                        Michael Hluchaniuk
                                        United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on June 26, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Alyson L. Oliver, Nick Suciu, III, Brian J. Richtarcik, Randall A. Juip, Kimberley A. Koester, Matt H. Wesorick, Carly A. VanThomme, Ronald W. Chapman, and John L. Thurber.

                                        s/Tammy Hallwood
                                        Case Manager
                                        (810) 341-7887
                                        tammy_hallwood@mied.uscourts.gov