UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARMEL C. ALLEN,                                    Case No. 11-10942

                 Plaintiff,                          Thomas L. Ludington
v.                                                   United States District Judge

JEFFREY C. STIEVE, *et al.*,                         Michael Hluchaniuk
                                                     United States Magistrate Judge

                 Defendants.
_____/

## REPORT AND RECOMMENDATION
## MOTION TO DISMISS (Dkt. 148)

## I.    PROCEDURAL HISTORY

Plaintiff filed this prisoner civil rights action on March 10, 2011.  (Dkt. 1).

Defendants filed a motion to dismiss based on failure to exhaust administrative

remedies only as to events occurring on or before March 31, 2009.  (Dkt. 148,

149).  Plaintiff filed a response on September 28, 2012.  (Dkt. 152).  Defendants

filed a reply on October 11, 2012.  (Dkt. 157).  Pursuant to notice, the Court held a

hearing on November 8, 2012.  (Dkt. 153).  On April 30, 2012, District Judge

Thomas Ludington entered a stipulated order dismissing all claims against

defendants Corizon, f/k/a CMS, Rosalyn Jindal, Claire Pei, Robert Lacy, Mehdi

Almasi regarding all events occurring on or before March 31, 2009, and dismissing

Count II as to defendants Craig Hutchinson and Vijaya Mamidipaka.  (Dkt. 195).

The stipulated order of dismissal specifies that the only remaining claim regarding events allegedly occurring on or before March 31, 2009 is plaintiff's Count I (the Eighth Amendment violation) against Drs. Hutchinson and Mamidipaka.  (Dkt. 195).  In another stipulation and order entered on May 3, 2013, the parties agreed to dismiss plaintiff's Eighth Amendment claims of deliberate indifference as it relates to her pain issues only.  (Dkt. 197).  Thus, the only issue that remains to be decided as to the motion to dismiss is whether plaintiff exhausted her administrative remedies against Drs. Hutchinson and Mamidipaka in their individual capacities as to events occurring on or before March 31, 2009 relating to the treatment of her Hepatitis and cirrhosis of the liver.  (*See* Dkt. 118, Count I).

For the reasons set forth below, the undersigned **RECOMMENDS** that defendants' motion to dismiss be **DENIED**.

## II.    FACTUAL BACKGROUND

Much of the factual background recited in the parties' briefs is no longer relevant, given the narrow scope of the present motion, after the entry of the parties' stipulated order.  Plaintiff generally alleges that all defendants were deliberately indifferent in their treatment of plaintiff's alleged hepatitis and pain. As to the two remaining defendants, as set forth in defendants' motion, plaintiff alleges as follows in her complaint during the relevant time period:

As to Defendant, Dr. Hutchinson, from 1/5/08 through

3/31/09, Plaintiff's Amended Complaint alleges the following:

(1) Dr. Hutchinson served as the infectious disease specialist and Regional Medical Director…and was charged with overseeing the administration of health care services for the MDOC (Dkt. #118, ¶7);

(2) Dr. Hutchinson was obligated by contract to provide managed health care to MDOC prisoners. Dr. Hutchinson…helped formulate and implement the customs, policies, practices, procedures, and staff training protocols related to medical care in MDOC facilities (Dkt. #118, ¶8);

(3) On 10/22/08, Dr. Hutchinson denied Plaintiff's plea for…a stronger medication for…pain...[and] chose not to pursue follow up treatment in full awareness of … Plaintiff's Hepatitis….(Dkt. #118, ¶45);

(4) On 11/18/08, Plaintiff met with Hutchinson … Hutchinson failed again to begin treatment, follow up on the results of the August biopsy, or inform Plaintiff she was infected with Hepatitis B (Dkt. #118, ¶46);

(5) On 1/2/09, Plaintiff met with Dr. Hutchinson, [who]…mentioned the possibility of treating Plaintiff's Hepatitis…acknowledged the risk of exacerbating Plaintiff's liver condition with Acetaminophen … recommended closely following Plaintiff's liver enzymes … and referred Plaintiff to the University of Michigan for an opinion regarding treatment (Dkt. #118, ¶48);

(6) Shortly after 3/23/09… in full knowledge of the results of Plaintiff's 3/23/09 ultrasound results ... Hutchinson cancelled a consult with Plaintiff (Dkt. #118, ¶51)

As to Defendant, Dr. Mamidipaka, from 1/5/08 through

3/31/09, Plaintiff's Amended Complaint alleges the following:

(1) Dr. Mamidipaka was…a primary care physician … whose duty was to provide … medical care to Plaintiff (Dkt. #118, ¶12);

(2) On 9/23/08, Dr. Mamidipaka read the liver biopsy report which…indicated urgent need for treatment, yet made the…decision not to issue or request follow up treatment for Hepatitis (Dkt. #118, ¶43);

(3) On 10/22/08, Plaintiff met with Dr. Mamidipaka who made the…decision not to issue or request any follow up treatment for…Hepatitis (Dkt. #1, ¶61);

(4) On 3/19/09, Plaintiff met with Dr. Mamidipaka who in full awareness of Plaintiff's Hepatitis…failed to provide treatment… (Dkt. #118, ¶50);

(5) From January 2008 through the present…Plaintiff saw Dr. Mamidipaka…to secure…medical treatment… including … recurring pain and …Hepatitis (Dkt. #118, ¶97);

(6) Plaintiff…requested…aid for pain and untreated Hepatitis, but… Dr. Mamidipaka … offered no assistance (Dkt. #118, ¶98).

The question, then, is whether plaintiff's grievances submitted before March 31, 2009 sufficiently exhaust plaintiff's remaining Eighth Amendment claim against Drs. Hutchinson and Mamidipaka.  As discussed below, the undersigned concludes that defendants have not met their burden of establishing that plaintiff failed to exhaust her administrative remedies.

## III.   DISCUSSION

### A.   Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  A plaintiff is also obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) quoting *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted). And, while a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.*, quoting *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted); *see also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) ("The factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief.") (emphasis in

original) .

Generally if a court considers matters outside of the pleadings, the court must convert the motion into one for summary judgment under Rule 56.  However, "[w]hen a court is presented with a 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (noting that the Sixth Circuit has "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referrred to in the plaintiff's complaint and are central to h[is] claim'"), quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).  Thus, "[t]he court may take judicial notice of the administrative record reflecting plaintiff's exhaustion of administrative remedies without converting the motions into ones for summary judgment."  *See Russell v. Tribley*, 2011 WL 4387589, at *3 (E.D. Mich. 2011).

B.    Exhaustion

1.    Legal Standards

42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a

Report and Recommendation
Motion to Dismiss
*Allen v. Shawney*; Case No. 11-10942

prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Section 1997e(a)'s "exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle,* 534 U.S. 516, 520 (2002).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter,* 534 U.S. at 532.  In *Jones v. Bock,* 549 U.S. 199 (2007), the Supreme Court held that "failure to exhaust is an affirmative defense under the PLRA," and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones,* 549 U.S. at 216.  "Compliance with prison grievance procedures ... is all that is required by the PLRA to 'properly exhaust.'"  *Jones,* 549 U.S. at 218. "Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."  *Booth v. Churner,* 532 U.S. 731, 741 n. 6 (2001).  "[P]roper exhaustion of administrative remedies is necessary." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006).

In *Jones v. Bock*, the Supreme Court also held that the burden rests on the defendant to show that a plaintiff failed to exhaust when asserting exhaustion as an affirmative defense.  *Id.*  Accordingly, exhaustion is satisfied if plaintiff complied with the applicable MDOC grievance procedure and defendants bear the burden of

showing otherwise.  *Kramer v. Wilkinson*, 226 Fed.Appx. 461, 462 (6th Cir. 2007)

(A prisoner-plaintiff "does not bear the burden of specially pleading and proving

exhaustion; rather, this affirmative defense may serve as a basis for dismissal only

if raised and proven by the defendants.").

A moving party with the burden of proof faces a "substantially higher

hurdle."  *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby*

*County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  "Where the moving party

has the burden–the plaintiff on a claim for relief of the defendant on an affirmative

defense–his showing must be sufficient for the court to hold that no reasonable

trier of fact could find other than for the moving party."  *Calderone v. United*

*States*, 799 F.2d 254, 259 (6th Cir. 1986).  The Sixth Circuit repeatedly has

emphasized that the party with the burden of proof "must show the record contains

evidence satisfying the burden of persuasion and that the evidence is so powerful

that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561.

### 2.      MDOC Policy

Pursuant to MDOC policy directive 03.02.130 entitled "Prisoner/Parolee

Grievances," there are four stages to the grievance process that must be followed

before a prisoner can seek judicial intervention, each with specific time limits.

First, the prisoner must attempt to verbally resolve the issue with the staff

member(s) involved within two business days of becoming aware of a grievable

Report and Recommendation
Motion to Dismiss
*Allen v. Shawney*; Case No. 11-10942

issue.  If the issue is not resolved, the prisoner may file a Step I grievance within

five business days of the attempted verbal resolution.  If the prisoner is not

satisfied with the Step I outcome, he must request a Step II appeal form within five

days, and he then has an additional five days to file the Step II appeal.  If the

inmate is still not satisfied with the result, he must then file a Step III appeal within

10 business days.  The Step III response ends the administrative process.

When filing a grievance and/or grievance appeal, an inmate must state the

facts involved with the issue being grieved, and must also include the "[d]ates,

times, places, and names of all those involved in the issue being grieved."  (Dkt.

148-21).  A grievance may be rejected if it is vague, illegible, contains multiple

unrelated issues, or raises issues that are duplicative of those raised in another

grievance filed by the grievant.  A grievance may also be rejected if the grievance

is untimely.  *Id.*

### 3.    Analysis and Conclusion

To the extent defendants argue that the grievance procedure failed to provide

them with notice of plaintiff's claim, while the grievance procedure may promote

early notice to those who might later be sued, that has not been thought to be one

of the leading purposes of the exhaustion requirement.  *Moffat v. MDOC*, 2010 WL

3906115, *7 (E.D. Mich. 2010), citing *Jones*, 549 U.S. 199, citing *Johnson v.*

*Johnson*, 385 F.3d 503, 522 (5th Cir. 2006) ("We are mindful that the primary

purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance is not a summons and complaint that initiates adversarial litigation"). Rather, the leading purposes of the exhaustion requirement have been met where prison officials were alerted to the plaintiff's complaints, the MDOC addressed all of plaintiff's allegations on their merits, and the litigation was improved by the preparation of useful record. *Id*. Therefore, even where a plaintiff may not have specifically named all of the defendants or described all of the specific claims in the initial grievance, where the grievance was considered on the merits, a plaintiff has properly exhausted the required administrative remedies prior to filing this lawsuit. *Id*.

In any event, the undersigned concludes that these particular defendants and plaintiff's claims were sufficiently identified in two grievances that were submitted prior to March 31, 2009. Plaintiff correctly points out that grievances SCF-08010-195-12d3 (Grievance 195), dated January 15, 2008, and SCF08030-834-12F (Grievance 834), dated March 12, 2008, refer to plaintiff's complaints about her hepatitis treatment and were exhausted through Step III of the grievance procedure. Specifically, in Grievance 834, plaintiff complains that she had seen five different doctors without any results and that she still had not had the liver ultrasound and biopsy. While plaintiff identifies Dr. Thai in this complaint, she also refers to "five

different doctors" about whom she obviously had complaints.  While not entirely clear, it is quite possible that Dr. Mamidipaka is one of the "five doctors," which also fits in the time frames identified in the complaint as to when Dr. Mamidipaka is alleged, in the amended complaint, to have provided inadequate treatment. Notably, "Dr. M" was consulted in the review of plaintiff's grievance at Step I. Plaintiff's grievance was not rejected for vagueness because she failed to provide the identity of the "five different doctors"; rather, this grievance was addressed on the merits through Step III.  *See Abbruzzino v. Hutchinson*, 2009 WL 799245 (E.D. Mich. 2009) (Where grievance addressed on the merits, not rejected as unduly vague for failure to identify any particular individuals, and grieved only "health care staff," exhaustion was proper as to all health care staff.").  Based on the foregoing, the undersigned concludes that plaintiff's claims in the pre-March 31, 2009 period against Dr. Mamidipaka were administratively exhausted.

In Grievance 195, plaintiff identifies Dr. Hutchinson, among others, as being deliberately indifferent to her healthcare needs and failing to treat her illnesses. Although defendants suggest that this grievance does not specifically relate to plaintiff's hepatitis and liver issues, through processing this particular grievance through all three steps, plaintiff's hepatitis complaints were certainly addressed. Thus, since they addressed the issue on the merits, it appears that the correctional facility had adequate notice that plaintiff's grievance against Dr. Hutchinson

included her hepatitis/liver treatment complaints.  And, this grievance was addressed on the merits through Step III.  Based on the foregoing, the undersigned concludes that plaintiff's claims in the pre-March 31, 2009 period against Dr. Hutchinson were administratively exhausted.

## IV.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendants' motion to dismiss be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: May 15, 2013                    s/Michael Hluchaniuk
                                       Michael Hluchaniuk
                                       United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on May 15, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Alyson L. Oliver, Nick Suciu, III, Brian J. Richtarcik, Randall A. Juip, Kimberley A. Koester, Matt H. Wesorick, Carly A. VanThomme, Ronald W. Chapman, and John L. Thurber.

                                       s/Tammy Hallwood
                                       Case Manager
                                       (810) 341-7887
                                       tammy_hallwood@mied.uscourts.gov