UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHARMEL C. ALLEN,

        Plaintiff,                  Case No. 11-cv-10942

v                                            Honorable Thomas L. Ludington

DR. SHAWNEY, et al.,

        Defendants.
_____/

**<u>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL</u>**

Plaintiff Charmel Allen is pursuing a § 1983 civil rights case, claiming that Defendants violated her Eighth Amendment rights through their deliberate indifference to her medical needs. During the litigation, Allen was represented by counsel. On March 18, 2014, this Court granted summary judgment in favor of the remaining Defendants in the case. Following the entry of judgment, it appears that Allen is no longer represented by counsel.

Accordingly, on April 23, 2014, Allen filed a motion to appoint counsel to aid her in pursuing her claims.[1] It is well-established that indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir 1995); *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604-05.

---

[1] Allen's motion repeatedly explains that "[t]he higher standards that must be met in the Circuit Court" necessitate appointment of counsel. It therefore appears that Allen is seeking appointment of counsel for her appeal in the Sixth Circuit. But because this Court does not have the authority to appoint counsel for an appeal, it will construe Allen's motion as seeking appointment in the district court. If Allen is indeed seeking appointment of counsel for her appeal, the more appropriate action would be to file a motion with Sixth Circuit.

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and a plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606.

At this stage of the case, appointment of counsel is not warranted. Allen's claims do not involve complex issues,[2] and the Court has already dismissed all claims against all Defendants in the action. Indeed, the Court has already entered a judgment in the case, from which Allen has appealed to the Sixth Circuit. *See* ECF No. 226. Given the procedural posture of the case, the Court determines that appointment of counsel is not warranted.

Accordingly, it is **ORDERED** that Allen's Motion to Appointment of Counsel (ECF No. 229) is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 5, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Charmel Allen #167734 at Huron Valley Women's Facility, 3201 Bemis Road, Ypsilanti, MI 48197 by first class U.S. mail on May 5, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS

---

[2] Allen has previously filed two motions to appoint counsel, both of which the United States Magistrate Judge denied. The magistrate judge specifically found that "plaintiff has an adequate understanding of the issues and matters involved in this case, and is able to articulate the claims and arguments in a reasonable fashion. It also appears that the issues raised in her complaint are straightforward and understandable and not of an unduly complex nature." ECF No. 75 at 2.